UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 2:18-cr-00036-TLN |
| v. | **ORDER** |
| STEFANIE LAVAN | |

This matter is before the Court on Defendant Stefanie Lavan's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 82.)  The Government filed an opposition.  (ECF No. 85.)  Defendant did not file a reply.  Also before the Court is Defendant's Motion for Concurrent Sentencing.  (ECF No. 81.)  The Government did not file an opposition.  For the reasons set forth below, the Court DENIES Defendant's motions.

///

///

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2019, Defendant pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (ECF Nos. 40, 43.)  On April 7, 2022, the Court sentenced Defendant to a 24-month term of imprisonment followed by a 48-month term of supervised release.  (ECF No. 78.)

While on pretrial release pending sentencing in the instant case, Defendant was arrested in the District of Nevada for attempting to deliver 21 pounds of methamphetamine, 10,000 suspected fentanyl pills, 15 grams of psychedelic mushrooms, and 19 grams of heroin.  (ECF No. 79 at 9.)  On August 30, 2022, in the District of Nevada, Defendant pleaded guilty to two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii).  (D. Nev. Case No. 3:21-cr-00041-RCJ-CLB (hereinafter "No. 3:21-cr-00041"), ECF Nos. 28, 30.)  On February 6, 2023, the District of Nevada court sentenced Defendant to a 36-month term of imprisonment followed by a 36-month term of supervised release.  (No. 3:21-cr-00041, ECF Nos. 39, 41.)  The court indicated Defendant's sentence was to run consecutive to the sentence imposed in the instant case.  (No. 3:21-cr-00041, ECF No. 41.)

Defendant has served approximately 28 months of her aggregate 60-month sentence at FCI-Tallahassee and is projected to be released on January 16, 2026.  (ECF No. 85-1 at 5.)  On October 17, 2023, Defendant, proceeding *pro se*, filed the instant motion for compassionate release (ECF No. 82) and motion for concurrent sentencing (ECF No. 81).  The Court will address Defendant's motions in turn.

## II.   ANALYSIS

### A.   Motion for Compassionate Release

#### i.   *Exhaustion*

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

///

2

1
2
3

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

4 18 U.S.C. § 3582(c)(1)(A).

5          In the instant case, Defendant submitted a request for compassionate release to the warden

6 on June 17, 2023.  (ECF No. 82 at 15.)  Because more than thirty days have elapsed since that

7 request, Defendant has met the threshold exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

8                          ii.       *Extraordinary and Compelling Reasons*

9          Despite having met the exhaustion requirement, Defendant is eligible for compassionate

10 release only if she can demonstrate there are "extraordinary and compelling reasons" for a

11 sentence reduction and such reduction is "consistent with applicable policy statements issued by

12 the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held "the

13 current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. §

14 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (2021).

15 The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13

16 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they

17 are not binding."  *Id.*  Therefore, the Court views § 1B1.13 as persuasive authority.

18          Defendant argues the following constitute extraordinary and compelling reasons for her

19 release: (1) her medical conditions; (2) inadequate medical care; and (3) the reduction of her

20 status points due to the Sentencing Guideline amendments.  (ECF No. 82 at 3–5.)  In opposition,

21 the Government argues none of these circumstances justify Defendant's release.  (ECF No. 85 at

22 3–5.)  For the reasons set forth below, the Court agrees with the Government.

23          First, Defendant fails to persuade the Court that her medical conditions warrant a sentence

24 reduction.  Defendant asserts her age (71-years-old), incontinence, possible multiple sclerosis

25 ("MS"), severe dizzy spells, double vision, memory lapses, arthritis, and mental health issues are

26 extraordinary and compelling reasons for her release.  (ECF No. 82 at 5.)  However, for a medical

27 condition to qualify as "extraordinary and compelling, the ailment must substantially diminish the

28 defendant's ability to provide self-care within the environment of a correctional facility and be a

1  condition from which the defendant [is] not expected to recover." *United States v. Barajas-*

2  *Guerrero*, No. 1:17-cr-00148-JLT-SKO, 2023 WL 5002933, at *3 (E.D. Cal. Aug. 4, 2023).

3  Defendant's medical records indicate she is currently being treated for toenail fungus, stimulant

4  related disorders, unspecified depressive disorder, eye problems, essential (primary) hypertension,

5  poly osteoarthritis, and urinary incontinence.  (ECF No. 88-1 at 53.)  Defendant's medical records

6  also reveal she is being treated and medicated for such conditions.  (*Id.* at 8–9.)  Moreover, there

7  is no evidence that Defendant has been diagnosed with MS.  (*Id.* at 9.)  Therefore, based on the

8  record currently before the Court, it appears none of Defendant's health conditions substantially

9  diminish her ability to provide self-care and the BOP is capable of adequately treating

10  Defendant's conditions.  (*Id.* at 8–9.)

11      Second, Defendant's claim that she is receiving inadequate medical care at FCI-

12  Tallahassee is not a proper ground for compassionate release.  (ECF No. 82 at 5.)  "[T]o

13  challenge the conditions of . . . confinement, that claim may be properly brought in a habeas

14  petition or a direct civil claim, not via compassionate release." *United States v. Shults*, No. 1:17-

15  cr-00136-JLT, 2022 WL 2990716, at *5 n.4 (E.D. Cal. July 28, 2022).  Venue is not proper in the

16  Eastern District of California to consider a habeas petition from Defendant.  Under 28 U.S.C. §

17  2241, venue lies with the district court that has personal jurisdiction over the petitioner's

18  custodian.  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Because FCI-Tallahassee

19  is in Tallahassee, Florida, the proper venue for Defendant to challenge the conditions of her

20  confinement is the Northern District of Florida.

21      Third, the Court finds Defendant's argument that she is eligible for retroactive application

22  of Amendment 821 of the Sentencing Guidelines is unavailing.  (ECF No. 82 at 4.)  Amendment

23  821 made several changes to the way status points are calculated under the federal sentencing

24  guidelines.  *See* U.S.S.G. § 4A1.1.  Amendment 821 does not apply here since Defendant did not

25  receive any adjustment for status points in the instant case.  (ECF No. 79 at 8.)

26      For these reasons, the Court concludes Defendant has not shown extraordinary and

27  compelling reasons for her release.

28  ///

1

                       iii.    *18 U.S.C. § 3553(a) Factors*

2

        In addition, the Court finds a sentence reduction is not warranted under the 18 U.S.C. §

3

3553(a) ("§ 3553(a)") factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (mandating consideration of the §

4

3553(a) factors before granting compassionate release).  Defendant raises several arguments that

5

may be construed as arguments under § 3553(a).  Specifically, Defendant asserts that if she was

6

released, she would pose no public safety risk, her medical conditions would no longer be

7

agitated due to the prison's metal bed, and she would be willing to live at a sober facility.  (ECF

8

No. 82 at 4–5, 15.)  In opposition, the Government emphasizes Defendant's 24-month sentence

9

properly reflects the § 3553(a) factors.  (ECF No. 85 at 4.)

10

        The Court agrees with the Government.  Defendant's well-supported, 24-month term of

11

imprisonment fell considerably below the guideline range of 57 to 71 months.[1]  Defendant has not

12

shown the § 3553(a) factors support a further reduction.  Thus, the Court DENIES Defendant's

13

motion for compassionate release.

14

                  B.    <u>Motion for Concurrent Sentencing</u>

15

        Defendant also filed a separate motion for concurrent sentencing.  (ECF No. 81.)  The

16

District of Nevada court imposed a 36-month term of imprisonment for the offense Defendant

17

committed while on pretrial supervision and indicated the sentence was to run consecutive to the

18

24-month term of imprisonment Defendant received for the instant offense.  (No. 3:21-cr-00041,

19

ECF No. 41); *see* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different

20

times run consecutively unless the court orders that the terms are to run concurrently.").

21

Defendant fails to cite any authority that would allow this Court to modify the sentence imposed

22

by the District of Nevada.  Therefore, the Court DENIES Defendant's motion for concurrent

23

sentencing.

24

*///*

25

26

27

28

---

[1]     Neither party addresses the effect of Defendant having served over 24 months in prison, which fully satisfies her term of imprisonment for the instant offense.  It is unclear to the Court whether it has jurisdiction to reduce Defendant's remaining term of imprisonment, which was imposed as a consecutive term by the District of Nevada.  However, because the Court ultimately declines to reduce Defendant's sentence for the reasons stated herein, the Court need not and does not address this issue further.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release (ECF No. 81) and DENIES Defendant's Motion for Concurrent Sentencing (ECF No. 82).

IT IS SO ORDERED.

DATE: FEBRUARY 28, 2024

Troy L. Nunley
United States District Judge